IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3141-D

| | | |
|---|---|---|
| JIM ROBERT GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BLADEN COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 7, 2025, Jim Robert Goins ("Goins" or "plaintiff"), a former pretrial detainee proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 2, 5]. See Houston v. Lack, 487 U.S. 266, 275–76 (1988). The court grants Goins's motion to amend [D.E. 12] and reviews all of his filings. As explained below, the court dismisses the action.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

When Goins filed the action, he was incarcerated at the Brunswick County Detention Center. See Compl. at 2. Goins sues Bladen County, the Bladen County Board of Commissioners, the Bladen County Sheriff's Office, two Bladen County Detention Center officers, and state court judges and magistrates. See id. at 2–3; cf. N.C. Dep't of Adult Corr., Offender Pub. Info., https://www.ncinmatesearch.org/NC_DPS.html (search by inmate number) (showing Goins's July 31, 2025 convictions in Bladen County for first-degree murder and armed robbery occurring in 2020) (last visited Oct. 2, 2025); [D.E. 12] 1 (noting a pending appeal of his criminal convictions). In his original complaint, Goins alleges that between 2020 and 2025, apparently while he was incarcerated at the Bladen County Detention Center, he "was put on lock down 47-1 off and on[,] . . . . [m]ace[d] for something roommates did," was assaulted by three other inmates, and did not receive medical care for several conditions. Compl. at 5, 7. Goins also alleges that North Carolina prosecuted him with false evidence and violated the "Fast and Speedy Trials Act." Id. at 5. The allegations in Goins's amended complaint arose in August 2025 at Central Prison, where he alleges that his cell was flooded with human waste for 48 hours. See [D.E. 12] 1. Goins seeks monetary damages. See Compl. at 5; [D.E. 12] 1.

2

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Goins's amended complaint raises different factual allegations and legal theories against defendants at a different prison and arose after Goins commenced this action. Thus, the court dismisses these allegations without prejudice to allow Goins to file them in a new action. See Fed. R. Civ. P. 20(a)(2); see, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); cf. Ellis v. Werfel, 86 F.4th 1032, 1037 (4th Cir. 2023).

The conclusory allegations in Goins's original complaint constitute "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678, and fail to "give [any] defendant fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555 (quotation omitted); see Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Thus, Goins's complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the court dismisses the action.

In sum, the court DISMISSES WITHOUT PREJUDICE the action in part pursuant to Federal Rule of Civil Procedure 20(a)(2) and in part for failure to state a claim pursuant to 28

3

U.S.C. § 1915A(b)(1). The clerk shall close the case and send Goins a blank form complaint and application to proceed in forma pauperis together with a copy of this order.

SO ORDERED. This 8 day of October, 2025.

JAMES C. DEVER III
United States District Judge